**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TERRELL WINSTON,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN WADAS,**<br><br>**Respondent.** | **Case No. 26-CV-01099-SPM** |

**MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

Petitioner Terrell Winston, an inmate incarcerated at Federal Correctional Institution ("FCI") Marion, seeks a writ of habeas corpus under 28 U.S.C. § 2241. challenging the Bureau of Prisons' ("BOP") refusal to credit his federal sentence with time he spent in custody before he began his federal sentence. (Doc. 1). For the reasons that follow, the Court **DENIES** the Petition.

## BACKGROUND

### I. Petitioner's Custody History

On September 23, 2021, a federal grand jury indicted Petitioner on one count of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). *United States v. Hines et al.*, No. 21-30148-DWD-2 (S.D. Ill. 2024) ("Cr. Doc.")[1]

[1] In this Order, citations to the docket in Winston's underlying criminal case, *United States v. Hines et al.*, No. 21-30148-DWD-2 (S.D. Ill. 2024), appear as "Cr. Doc." Citations to the docket in this case appear as "Doc."

(Cr. Doc. 1 pp. 1–2). The United States Marshals arrested Petitioner on October 26, 2021, and he was released on bond. (Cr. Docs. 36, 41).

On September 30, 2022, the St. Louis County Sheriff's Department arrested Petitioner on state charges. (Doc. 1, p. 13).[2] On July 31, 2023, the United States District Court for the Southern District of Illinois issued a writ of habeas corpus ad prosequendum directing that Petitioner be transferred from St. Louis County Jail to federal custody on August 8, 2023, for proceedings in his federal case. (Cr. Doc. 363). Petitioner pleaded guilty that day. (Cr. Doc. 365). He remained in federal custody through sentencing, and on March 27, 2024, was sentenced to 157 months' imprisonment. (Cr. Doc. 469).

Two days later, on March 29, 2024, Petitioner was returned to state authorities, and the federal judgment was lodged as a detainer. (Doc. 1, p. 13). On January 7, 2025, the Circuit Court of St. Louis County, Missouri, sentenced him to seven years' imprisonment on his pending state charges and credited that sentence with the time he had served since September 30, 2022.[3] On July 29, 2025, Petitioner was paroled from his state sentence, and he was turned over to exclusive federal custody that day to begin his federal sentence. (Doc. 1, pp. 13, 22).

---

[2] The facts concerning Petitioner's custody history are drawn in part from the BOP's responses to his administrative remedy requests, which Petitioner attached to his Petition. (Doc. 1, pp. 11–25). Because Petitioner does not dispute those facts and indeed relies on them in support of his claims, the Court accepts them as true for purposes of preliminary review. *See* Rule 4, RULES GOVERNING SECTION 2254 CASES (directing the Court to consider "the petition and any attached exhibits"); FED. R. CIV. P. 10(c).

[3] That period encompasses the time Petitioner spent in federal custody on the writ of habeas corpus ad prosequendum, and the BOP's response to Petitioner's Central Office Administrative Remedy Appeal states that the time was credited against his state sentence. (Doc. 1, p. 13).

## II. Petitioner's Pursuit of Administrative Remedies

Petitioner challenged the BOP's calculation of his sentence through the BOP's administrative remedy process. (Doc. 1, pp. 11–25). On December 8, 2025, he submitted an informal resolution request asking for a *nunc pro tunc* designation and that he receive "time credits For pretrial custody." (*Id.*, p. 23).

After attempting informal resolution, Petitioner then filed a formal request with the Warden of FCI Marion, where he is incarcerated. (*Id.*, pp. 20–22). The Warden denied the request on February 11, 2026, because the period of detention between September 29, 2022, and January 15, 2025, had been credited against his state sentence and 18 U.S.C. § 3585(b) prohibits double credit. (*Id.*). Petitioner appealed the Warden's decision to the Regional Director of the BOP, who denied the appeal on April 17, 2026, for the same reasons. (*Id.* pp. 15–18).

Finally, Petitioner appealed the Regional Director's decision to the BOP's Central Office. (Doc. 1, pp. 11–12). In its response dated June 30, 2026, the Central Office denied his appeal on the same grounds as the Regional Director, but, in the alternative, construed his appeal as a request for retroactive concurrent *nunc pro tunc* designation of the state facility as the place of service for his federal sentence. (*Id.*, p. 14). The Central Office explained that it would contact the sentencing court for its position on the request, wait sixty days for a response, and then review the request under 18 U.S.C. § 3621(b) and notify Petitioner of its decision. (*Id.*). Petitioner asserts that the BOP denied the *nunc pro tunc* designation (Doc. 1, p. 6), but he does not attach the notification of decision that the Central Office said would follow its review.

## III. Federal Habeas Petition

Petitioner filed this *pro se* petition seeking a writ of habeas corpus pursuant to U.S.C. § 2241. (Doc. 1). Petitioner raises two grounds for relief. First, he contends that the BOP wrongly denied his request for a *nunc pro tunc* designation because it relied on 18 U.S.C. § 3585(b), which he argues is unconstitutional as applied to him, and because the BOP lacked authority to consider, and did not address, his constitutional challenge. (*Id.*, p. 6). Second, he contends that Section 3585(b) is unconstitutional as applied to him because denying credit for the time he spent in custody penalizes his decision to exercise his speedy-trial rights in his state case and will discourage other defendants from exercising those rights. (*Id.*, p. 7). He asserts that the state court repeatedly offered to transfer him to the BOP to begin serving his federal sentence, that he declined the offer in order to pursue a speedy trial, and that had he accepted, his federal sentence would have begun earlier and he would have received the credit he now seeks. (*Id.*). He further asserts that he did not know that declining the offer to transfer to BOP custody would affect his ability to receive credit toward his federal sentence, that he would have chosen differently had he known, and that the denial of credit amounts to multiple punishment. (*Id.*, pp. 7–8).

In light of these arguments, Petitioner asks the Court to make an independent determination of the facts presented in his grievances and Petition and to credit all of his pretrial custody toward his federal sentence. (*Id.*, p. 8).

## LEGAL STANDARD

A federal prisoner may challenge the BOP's calculation of his sentence credit through a petition under 28 U.S.C. § 2241. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000). Such a petition is subject to preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must "promptly examine" a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 1(b) permits the Court to apply these rules to petitions brought under 28 U.S.C. § 2241. *See, e.g., Akers v. Sproul,* No. 3:22-CV-2192-DWD, 2023 WL 1100444, at *2 (S.D. Ill. Jan. 30, 2023) (conducting preliminary review on § 2241 petition); *Andreozzi v. United States Dep't of Just.,* No. 3:22-CV-2466-DWD, 2023 WL 1975062, at *1 (S.D. Ill. Jan. 12, 2023) (same); *see also* 28 U.S.C. § 2243 (directing the court to award a writ of habeas corpus or order the respondent to show cause "unless it appears from the application that the applicant or person detained is not entitled thereto"). Because Petitioner is proceeding *pro se*, the Court construes his Petition liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ANALYSIS

### I. Petitioner's Federal Sentence Commenced When He Was Released from State Custody

A federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C.

§ 3585(a). When a defendant faces charges from two sovereigns, the sovereign that first arrests him generally obtains primary custody and retains it until it relinquishes that custody, for example by releasing him on bail, dismissing its charges, or discharging his sentence. *See Ponzi v. Fessenden*, 258 U.S. 254, 260–62 (1922). A sovereign does not relinquish primary custody by lending the prisoner to another sovereign under a writ of habeas corpus ad prosequendum; the prisoner remains in the primary custody of the sending sovereign and is merely on loan to the receiving one. *See Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989). Thus, a federal sentence imposed while the defendant is on loan from state custody does not commence until the state relinquishes primary custody and the defendant is received into federal custody to serve his federal sentence.

Here, Petitioner was released on bond in his federal case at the time St. Louis County authorities arrested him on September 30, 2022. (Cr. Doc. 41; Doc. 1, p. 13). The State of Missouri therefore obtained primary custody on that date. The writ issued in his federal case brought him before the federal sentencing court for his plea and sentencing, but it did not alter Missouri's primary custody over Petitioner, and he returned to state authorities after his sentencing. (Cr. Doc. 363; Doc. 1, p. 13). The State of Missouri thus retained primary custody until it released him after he was paroled from his state sentence, and only then was he received into federal custody to begin serving his federal sentence. His federal sentence therefore could not commence before that date, July 29, 2025. 18 U.S.C. § 3585(a).

## II. The BOP Properly Excluded the Disputed Time from Petitioner's Federal Sentence

The BOP could not credit the time Petitioner spent in custody before his federal sentence commenced. Section 3585(b) permits credit toward the service of a term of imprisonment for time spent in official detention before a sentence commences only if that time "has not been credited against another sentence." In enacting that limitation, Congress "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). The state court credited Petitioner's state sentence with the time he served from September 30, 2022, including the period he spent in federal custody on the writ of habeas corpus ad prosequendum. (Doc. 1, p. 13). Because that time was credited against his state sentence, § 3585(b) bars the BOP from crediting it against his federal sentence as well.[4]

The BOP's Sentence Computation Manual likewise provides that time a prisoner spends in federal custody under a writ of habeas corpus ad prosequendum from non-federal custody is not, by itself, creditable toward his federal sentence, because the federal court merely borrows the prisoner while the other sovereign retains primary custody. *See* FED. BUREAU OF PRISONS, PROGRAM STATEMENT 5880.28, SENTENCE COMPUTATION MANUAL (CCCA of 1984), ch. 1, at 1-20A (1999). Although that manual is an internal agency guideline, it is entitled to "some deference." *See*

---

[4] Petitioner was briefly in federal custody following his arrest on October 26, 2021, before his release on bond. (Cr. Doc. 36, 41). He does not contend that the BOP failed to credit that time, and the time he spent on bond is not creditable "official detention" under § 3585(b). *See Reno v. Koray*, 515 U.S. 50, 56–65 (1995).

*Reno*, 515 U.S. at 61.

## III. Section 3585(b) Is Not Unconstitutional as Applied to Petitioner

Petitioner argues that Section3585(b) is unconstitutional as applied to him because the state court repeatedly offered to transfer him to the BOP to begin serving his federal sentence, he declined in order to exercise his speedy-trial rights in his state case, and the resulting denial of credit penalizes that choice and will discourage other defendants from exercising the same rights. (Doc. 1, p. 7). This argument fails for several reasons.

First, Section 3585(b) does not burden the exercise of any constitutional right. The statute applies the same rule to every defendant, regardless of whether he asserts or waives his speedy-trial rights, and it serves the legitimate purpose of preventing a defendant from receiving credit twice for the same period of custody. *See Wilson*, 503 U.S. at 337. The Constitution does not forbid every consequence that makes the exercise of a right more costly; it forbids burdens imposed needlessly or for the purpose of penalizing that exercise. *See Chaffin v. Stynchcombe*, 412 U.S. 17, 30–32 (1973); *compare United States v. Jackson*, 390 U.S. 570, 581–83 (1968) (invalidating a statutory scheme whose purpose and effect was to discourage the assertion of the right to a jury trial). A defendant prosecuted by two sovereigns faces many choices with sentencing consequences, and "[t]he criminal process . . . is replete with situations requiring the making of difficult judgments as to which course to follow." *McGautha v. California*, 402 U.S. 183, 213 (1971) (internal quotation marks omitted).

Second, Petitioner's premise rests on speculation. Whether his federal sentence

could begin earlier depended on the State's decision to relinquish primary custody, not on a choice that was his alone. His assertion that he would have received the credit he seeks assumes that the State would have released him to federal custody, that its charges would have remained pending as a detainer, and that any eventual state sentence would have been structured to give him concurrent credit. None of those outcomes was assured.

Third, Petitioner's asserted lack of notice does not change the analysis. The requirement that a decision be knowing and intelligent applies when a defendant waives a constitutional right. *See Brady v. United States*, 397 U.S. 742, 748 (1970). Even then, due process requires only that the defendant understands the direct consequences of his decision, not its collateral consequences. *See Virsnieks v. Smith*, 521 F.3d 707, 715–16 (7th Cir. 2008). Petitioner did not waive his speedy-trial right; he exercised it. And the BOP's later computation of his federal sentence credit was a collateral consequence of that choice, one determined by how the two sovereigns' sentences would ultimately interact rather than by the state court's decision.

Fourth, the denial of credit does not impose multiple punishments. Petitioner received credit for the disputed time against his state sentence; Section 3585(b) simply prevents him from receiving that credit a second time. To the extent he invokes the Double Jeopardy Clause, separate sovereigns may each prosecute and punish offenses against their own laws. *See Gamble v. United States*, 587 U.S. 678, 681–82 (2019).

Finally, Petitioner asks the Court to make an independent determination based on the facts presented in his grievances and Petition. (Doc. 1, p. 8). The Court

has done so. Accepting those facts as true, Petitioner is not entitled to relief.

## IV. Whether Petitioner's Sentences Run Concurrently Is for the BOP to Decide

Petitioner also challenges the BOP's denial of his request for a *nunc pro tunc* designation. (Doc. 1, p. 6). A federal sentencing court may order its sentence to run concurrently with, or consecutively to, an anticipated state sentence. *Setser v. United States*, 566 U.S. 231, 236–37 (2012). When the federal judgment is silent on that question, the BOP may decide by designating, *nunc pro tunc*, that the state facility as the place where the prisoner served his federal sentence, which allows the two sentences to run concurrently. *See* 18 U.S.C. § 3621(b); *Romandine*, 206 F.3d at 736–38 (citing *Barden v. Keohane*, 921 F.2d 476, 478–83 (3d Cir. 1990)).

Here, Petitioner's federal judgment addressed only the concurrency of his federal counts; it did not direct that his federal sentence run concurrently with his state sentence. (Cr. Doc. 469). Absent such an order, his federal sentence commenced when he entered federal custody, 18 U.S.C. § 3585(a), and his sentences may run concurrently only if the BOP designates the state facility *nunc pro tunc* as the place of service for his federal sentence. *See* 18 U.S.C. § 3621(b).

Accepting Petitioner's allegation that the BOP denied his request, his challenge to that denial fails. He contends that the BOP relied on Section 3585(b), which he argues is unconstitutional as applied to him, and that the BOP could not, and did not, consider his constitutional argument. (Doc. 1, p. 6). But for the reasons explained above, his as-applied challenge fails. And although the BOP could not declare a statute unconstitutional, Petitioner suffered no prejudice from that

limitation, because the Court has now considered and rejected his argument. Petitioner does not otherwise contend that the BOP misapplied any of the Section 3621(b) factors that govern a *nunc pro tunc* designation, and the Court reviews the BOP's decision only for an abuse of discretion.

In any event, the Petition does not include the BOP's decision on the designation request or indicate when the BOP reached it. (*See generally* Doc. 1). To the extent Petitioner challenges that decision on any ground other than the one rejected above, the Court cannot review it on this record, and that portion of the Petition is dismissed without prejudice to Petitioner's pursuit of any such challenge through the BOP's administrative remedy process and, if necessary, in a separate petition.

## Conclusion

For these reasons, Terrell Winston's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. Petitioner's challenge to the BOP's calculation of his sentence credit, including his claim that 18 U.S.C. § 3585(b) is unconstitutional as applied to him, is **DISMISSED with prejudice**. To the extent Petitioner challenges the BOP's denial of his request for a *nunc pro tunc* designation on any other ground, that claim is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

If Petitioner wishes to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A certificate of appealability is not required for a federal prisoner to appeal the dismissal of a § 2241 petition.

**IT IS SO ORDERED.**

**DATED: November 6, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**